# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT JOSEPH MARSHALL,

    Defendant.

Case No. 2:01-cr-00130-LDG (LRL)

**ORDER**

    The defendant was convicted, by jury, of distribution and conspiracy to distribute one kilogram of cocaine. This court sentenced the defendant to **262 months** incarceration *prior* to *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), which decision rendered the guidelines advisory. (That is, the court sentenced the defendant when the guidelines were mandatory.) The Ninth Circuit Court of Appeals affirmed the defendant's conviction, but remanded pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (*en banc)*. This court heard arguments on this matter on April 28, 2006, at which time it made oral findings that it would not impose a materially different sentence. The present order shall constitute a further written explanation.

    Under *Ameline*, the threshold question for this court to resolve is whether it would have imposed a materially different sentence *if* the court had known that the sentencing

guidelines were advisory rather than mandatory.  If the court determines that it would have imposed a materially different sentence had it known that the guidelines were advisory, the court must vacate the original sentence and re-sentence the defendant, with the defendant being present.  Conversely, if the court determines that it would have not imposed a materially different sentence, the court must make that decision on the record and provide an appropriate explanation.

Initially, the court notes that, for the reasons that were stated on the record at the defendant's sentencing hearing, the *advisory* guideline range is **262 - 327 months**.  Briefly stated, pursuant to §4B1.1, the defendant is a career offender as he was convicted (in the present matter) of a qualifying felony conviction when he was more than 18 years old, and he had at least two qualifying prior felony convictions.  As a career offender, the defendant's Total Offense Level is 34, and his Criminal History Category becomes VI.

The determination that the defendant is a career offender takes into consideration the defendant's 1981 conviction, because the defendant's parole for that conviction was revoked in 1987.  As a result of that revocation, the defendant served a portion of his sentence for that offense within 15 years of the commission of the underlying offense in this matter.  The defendant has objected to this determination, arguing that the court should not consider his 1981 conviction because of its age, because the government had not established that his parole was revoked, and because the government had not established that the defendant voluntarily and knowingly waived his right to counsel at his parole revocation.  However, as found by this court at the original sentencing hearing, the government met its burden of establishing the fact of the prior conviction, the fact of the parole revocation for that conviction, and the fact that the defendant voluntarily and knowingly waived counsel at the parole revocation.

In seeking a re-sentencing hearing, the defendant argues that this court can only consider the formal record of conviction documents, and thus is prohibited from looking to

the certified records that the government lodged with this court that plainly establish that the defendant *violated* his parole on that conviction, that his parole was revoked and that he was sentenced to a term of incarceration that extended to within 15 years of the commission of the offense in this matter.  The court disagrees with the defendant that it is prohibited from considering certified documents establishing the defendant's revocation of parole for his 1981 conviction.

The issue remaining before this court is whether, after considering all §3553(a) factors and considering the advisory guideline range (as merely advisory), the court would have imposed a materially different sentence.  Pursuant to §3553, this court has a duty to imposed a sentence that will be sufficient, but not greater than necessary, to comply with the purposes of the Sentencing Reform Act.  As noted, the advisory guideline range is 262 - 327 months.  The court has also considered the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to provide the defendant with needed education, training and medical care.  In addition, the court has considered the kinds of sentences available, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide for restitution.

In arguing for a finding that the court would have imposed a materially different sentence, the defendant relies primarily upon the disparity of sentences between the defendant and other participants in the criminal offense underlying the defendant's conviction.  The argument strongly reflects the same argument made by the defendant at his sentencing in support of his motion for a downward departure.  The court would note that, because the guidelines are advisory, the court must apply a different standard in weighing the disparity in sentencing.  Under the mandatory guideline system, the weight

given to this factor (which is set forth at §3553(a)(6)) would depend largely on whether it would result in a sentence within or without the guideline range.  As such, prior to *Booker*, if the avoidance of an unwarranted disparity required a sentence *outside* of the guideline range, the court was required to find that the facts warranted a departure because they were outside the heartland of cases.

By contrast, now that the guidelines are advisory, the court is not so limited.  Rather, the court may, and indeed must, consider this factor as one of several factors in the effort to determine a sentence that is sufficient while not being greater than necessary.  The court has taken into consideration the sentences and treatment of the other criminal participants in the underlying offense to determine whether it would have imposed a materially different sentence upon the defendant.

As found by this court at the original sentencing hearing, the justification for the sentence that the court imposed was the "lifetime criminal activity of the defendant."  His criminal record began when he was 27, and reveals his prompt return to criminal activity each time that he was released from incarceration.  As noted by this court, the only reason the defendant's criminal record isn't longer appears to be because he has been incarcerated for most of his adult life.  For these reasons and those stated at the April 28, 2006 hearing,

THE COURT **ORDERS** that it would not have imposed a materially different sentence if it had known, at the original sentencing of the defendant in 2003, that the guidelines were advisory.

DATED this ___8th___ day of June, 2006.

_____
Lloyd D. George
United States District Judge

4